Raymond J. Tittmann, No. 191298
rtittmann@wargofrench.com
Edward J. Valdespino No. 272754
evaldespino@wargofrench.com
**WARGO FRENCH LLP**
601 S. Figueroa St., Ste. 4625
Los Angeles CA 90017
Telephone:   310.853.6300
Facsimile:    310.853.6333

Attorneys for Plaintiff
VOYAGER INDEMNITY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOYAGER INDEMNITY INSURANCE COMPANY<br><br>    Plaintiff,<br><br>    v.<br><br>GETAROUND, INC. a corporation. ,<br><br>    Defendant. | Case No.<br><br>VOYAGER INDEMNITY INSURANCE COMPANY'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF |

Case No.

Voyager Indemnity Insurance Company ("Voyager"), by and through its undersigned attorneys, hereby brings this action for declaratory relief and alleges as follows:

## I. INTRODUCTION

1. By way of this Original Complaint, Voyager seeks a declaration and order that there is no coverage under Voyager Policy No. SHR1000004 (the "Policy") in regards to the allegations and events alleged in the matter styled *Farar v. Coffield, et al.* Case No. 1:17-cv-02072-RMM in the United States District Court for the District of Columbia (the "Underlying Matter") and that Voyager does not owe any duty to defend or indemnify under the Policy.

2. In short, Getaround, Inc. ("Getaround") is not entitled to coverage here because coverage only applies to "personal vehicle sharing," and the definition of that phrase excludes coverage when the operator "is not either the renter involved in a rental agreement … or a person listed as a 'named operator' on a Named Operators Endorsement attached to the policy."

## II. JURISDICTION AND VENUE

3. The Court has personal jurisdiction over Getaround because Getaround is a citizen of the state of California and has purposefully availed itself of the State of California such that it could reasonably expect to have court actions filed against it within the jurisdiction sufficient to satisfy 28 U.S.C. § 1331.

4. The Court has jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000, exclusive of interest and costs, and under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202 which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such a declaration, whether or not further relief is or could be sought."

///
///

5. Venue is proper for this action pursuant to 28 U.S.C. § 1391 because "a substantial part of the events or omissions giving rise to this claim" for declaratory relief occurred within the Northern District of California, San Francisco Division.

### III. FACTUAL BACKGROUND.

**A. The Policy**

6. Voyager issued Auto-Share Insurance Program Business Auto Coverage Policy No. SHR1000004, effective 02/01/2014 to 02/01/2015 to Getaround, Inc. The Policy has a $1,000,000.00 Liability per accident or loss limit. The Policy was renewed from 02/01/2015 to 02/01/2016. At the same time, Auto-Share Insurance Program Personal Vehicle Sharing Program Endorsements were added for Maryland and the District of Columbia which defined the scope of coverage for "personal vehicle sharing," including limiting coverage to "personal vehicle sharing" only when the vehicle is operated by the renter or a named operator and reducing the liability limit for persons operating a covered "auto" to the greater of three times the state required minimum for private passenger autos or the limit of liability insurance maintained by the registered owner of the "covered auto." Coverage extensions were granted from 02/01/2016 to 03/01/2016 and from 03/01/2016 to 04/01/2016. The Policy was renewed from 04/01/2016 to 04/01/2017. A true and correct copy of the Policy along with endorsements, extensions and renewals is attached hereto as **Exhibit A**. The Policy provides, in pertinent part:

> **SECTION II – LIABILITY COVERAGE**
>
> **A. Coverage**
> We will pay all sums an "insured" must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
> . . .
> We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for

"bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or Settlements.

**1. Who Is An Insured**
   a. You for any covered "auto".
   b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
      (1) The owner or anyone else from whom you hire or borrow a covered "auto".

7. The Policy contains an Auto-Share Insurance Program endorsement which provides in relevant part:

**AUTO-SHARE INSURANCE PROGRAM**
**COMMON POLICY CONDITIONS**

**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.**

All coverages provided by the Business Auto Coverage Form are subject to the following conditions:

**A. Agreement**
We will provide the insurance coverage described in the Business Auto Coverage Form and any attached endorsements in return for the premium and compliance with all applicable provisions and conditions.

As a condition of coverage, the Named Insured agrees to fully perform due diligence related to the eligibility requirements and guidelines represented as part of the Named Insured's business operations described in the Declarations.

We will not provide coverage for any loss related to the Named Insured's failure to fully perform the represented due diligence, whether or not the loss would have been covered if due diligence had been fully performed.
. . .

8. The Policy contains an Auto-Share Insurance Program Personal Vehicle Sharing Program Endorsement District of Columbia which provides in relevant part:

### AUTO-SHARE INSURANCE PROGRAM
### PERSONAL VEHICLE SHARING PROGRAM ENDORSEMENT
### DISTRICT OF COLUMBIA

**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.**

This endorsement modifies coverage provided by the Business Auto Coverage Form for covered "autos" garaged in the District of Columbia

. . .

A. **Covered Autos**
Under **SECTION 1 – COVERED AUTOS**, **a. Description of Covered Auto Designation**, the following Symbol 10 and description are added:

| Symbol | Description of Covered Auto Designation Symbols | |
|---|---|---|
| **10** | Private Passenger "Autos" Not Owned | Only those private passenger "autos" you do not own that are used in connection with "personal vehicle sharing" facilitated by the "personal vehicle sharing program." |

Any covered "auto" will be considered an "auto" you own while used during "personal vehicle sharing" facilitated by the "personal vehicle sharing program."

…

G. **Definitions**
Under **SECTION V – DEFINITIONS,** the following are added for the purposes of this endorsement:

"Personal vehicle sharing" means the use of "private passenger motor vehicles" by persons other than the vehicles registered owner in connection with a "personal vehicle sharing program." Coverage is not provided under the policy or endorsement for the operation of any vehicle while it is not involved in "personal vehicle sharing" during a rental agreement facilitated by the "personal vehicle sharing program." Coverage is also not provided for the operation of any vehicle by a person affiliated in any way with the "personal vehicle sharing program" who is not either the renter involved in a rental agreement facilitated by the "personal vehicle sharing program" or a person listed as a "named operator" on a Named Operators Endorsement attached to the policy."

"Personal vehicle sharing program" means a legal entity qualified to do business in the District of Columbia engaged in the business of facilitating the sharing of "private passenger motor vehicles" for noncommercial use by individuals.

"Private passenger motor vehicles" means a four-wheel passenger or station wagon type motor vehicle insured under a motor vehicle liability insurance policy covering a single individual or individuals residing in the same household as the Named Insured.

### B. The Underlying Action

9. On October 5, 2017, Plaintiff Eleanor M. Farar filed an original complaint in the United States District Court for the District of Columbia against Earlie Weston Coffield, III ("Coffield" or the "Driver"), Getaround, Inc., and Government Employees Insurance Company ("GEICO"), Case No. 1:17-cv-02072 (the "Underling Action"). A First Amended Complaint was filed on April 3, 2018, adding defendant Mariano De Jesus Siguenza ("Siguenza" or the "Registered Owner").  A true and correct copy of the First Amended Complaint is attached hereto as **Exhibit B**.

10. The Underlying Action arises from an auto/pedestrian collision involving a 2011 Nissan Altima (the "Vehicle") driven by Mr. Coffield and, ultimately, impacting Ms. Eleanor M. Farar ("Plaintiff" or "Farar"). Plaintiff alleges that, "[o]n or about Thursday, February 23, 2017, at approximately 3:13 P.M., plaintiff, Eleanor M. Farar, was a pedestrian crossing H Street, N.E. at 6th Street, N.E., Washington, D.C., walking within the marked pedestrian crosswalk" when "Defendant, Earlie Weston Coffield, III, operating a motor vehicle co-owned by co-defendant, Getaround, Inc., in conjunction with an "auto sharing program . . . turned his vehicle left and westbound on H Street, N.E., and collided with the plaintiff throwing the plaintiff to the roadway with great force and violence." *See* Exhibit B, Count I, ¶ 1.

11. Plaintiff alleges further that "[s]aid collision was the direct, proximate, and sole result of the negligence and carelessness of the said defendants, and in their violation

of Traffic Regulations of the District of Columbia, which among other things, included failing to yield the right-of-way to a pedestrian lawfully crossing the street." *Id*.

12. Plaintiff alleges that both Mr. Siguenza and Getaround are jointly liable for the actions of Mr. Coffield as "co-owners" of the vehicle, pursuant to the Motor Vehicle Safety and Responsibility Act of the District of Columbia, D.C. Code §50-1301, et seq., which provides that "Whenever any motor vehicle, after the passage of this Act [1954] shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be *prima facie* evidence that such person operated said motor vehicle with the consent of the owner." *See* Exhibit B, Count III, ¶¶ 1-3.

13. Plaintiff's First Amended Complaint does not contain any allegation of liability on behalf of Mr. Siguenza or Getaround other than vicarious liability pursuant to the Motor Vehicle Safety and Responsibility Act based on Mr. Coffield's operation of the Vehicle.

14. At the time of the collision, the Vehicle would have been involved in "personal vehicle sharing" during a rental agreement facilitated by the "personal sharing program," had it been driven by the renter of the vehicle, Ms. Amber Craddock, rather than Mr. Coffield, who was not authorized to operate the vehicle.

15. Mr. Coffield's girlfriend, Ms. Amber Craddock rented the vehicle through the "personal vehicle sharing program" the prior day for pickup at 12:00 p.m. on February 22, 2017 and return by 12:00 p.m. on March 1, 2017. Mr. Coffield has stated that at the time of the collision he was on his way to pick up Ms. Craddock.

16. However, at the time of the collision, Mr. Coffield was not "the renter involved in [the] rental agreement facilitated by the 'personal vehicle sharing program'" nor was he a "'named operator' on a Named Operators Endorsement attached to the policy."

17. At the time of the collision, Mr. Coffield did not meet Getaround's eligibility requirements to rent a vehicle through the "personal vehicle sharing program" due to his driving record.

18. At the time of the collision, Mr. Coffield did not have Getaround's authorization, permission, or consent to operate the Vehicle.

19. The D.C. Auto-Share Insurance Program Personal Vehicle Sharing Program Endorsement explicitly states that the auto must be used in connection with "personal vehicle sharing," which definition explicitly states that there is no coverage for "the operation of any vehicle by a person affiliated in any way with the 'personal vehicle sharing program' who is not either the renter involved in a rental agreement facilitated by the 'personal vehicle sharing program' or a person listed as a 'named operator' on a Named Operators Endorsement attached to the policy.'" Therefore, there is no coverage under the Policy for the allegations in Plaintiff's complaint because Mr. Coffield was not the renter of the vehicle, is not listed as a named operator on an endorsement, and was operating the vehicle without the authorization, permission or consent of the Named Insured on the Policy, Getaround, Inc.

## IV.   FIRST CAUSE OF ACTION

(Declaratory Relief—Coverage)

20. Voyager incorporates each and every allegation of the preceding paragraphs as though fully set forth herein.

21. An actual case or controversy now exists between Voyager on the one hand and Getaround on the other hand as to whether there is coverage under the Policy with regard to the allegations in the Underlying Action.

22. Voyager seeks a declaration that there is no coverage under the Policy with regard to the allegations in the Underlying Action and it does not owe a duty to defend or indemnify pursuant to the specific terms of the Policy.

## V.   PRAYER FOR RELIEF

WHEREFORE, Voyager Indemnity Insurance Company prays for the following relief:

1. For a declaration and order that there is no coverage for the claims asserted in the matter styled *Eleanor M. Farar v. Coffield, et al.*, under Voyager Policy No. SHR1000004 and that Voyager does not owe defense or indemnity in relation to those matters;
2. For costs and fees incurred herein;
3. For any such other relief as the Court deems just and proper.

Dated:  June 7, 2018             WARGO FRENCH LLP


By: /s/ Edward J. Valdespino
    Raymond J. Tittmann
    Edward J. Valdespino

Attorneys for Plaintiff
VOYAGER INDEMNITY INSURANCE COMPANY